IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>vs.<br><br>JESSE L. SHUMAKER and<br>DONNA C. SHUMAKER a/k/a<br>DONNA C. HOSKINS, a/k/a<br>DONNA K. CHUMLEY,<br>      Defendants. | Civil Case No. DNCW5:93CV70<br>(Financial Litigation Unit) |

## WRIT OF EXECUTION

TO THE UNITED STATES MARSHAL:

Judgments were entered on September 7, 1993 (Doc No. 8) and January 18, 1994 (Doc No. 14), in the United States District Court for the Western District of North Carolina, in favor of the United States of America and against Defendants, Jesse L. Shumaker and Donna C. Shumaker, a/k/a Donna C. Hoskins, a/k/a Donna K. Chumley, whose social security numbers are XXX-XX-5036 and XXX-XX-1054 respectively and last known addresses are Statesville, NC 28625 and Pelham, NC 27311 respectively, in the sum of $142,058.81. Since entry of the judgments, interest has continued to accrue and payments in the amount of $9,950.00 have been applied to the debt. The current total amount of $180,675.84, which includes the principal amount of $179,849.96, and interest at the rate of 3.43% and in the amount of $825.88 computed through March 30, 2012, plus $.00 in costs is due and owing as of March 30, 2012.

THEREFORE, YOU ARE HEREBY COMMANDED to satisfy the judgments by levying on and selling all property in which Defendants have a substantial nonexempt interest, and by executing upon the property described on the attached Exhibit A.

YOU ARE ALSO COMMANDED to collect interest thereon from the date hereof with your costs and expenses and make return of this Writ within ninety (90) days after the date of issuance

if levy is not made, or, within ten (10) days after the date of sale of property which levy is made.

YOU ARE FURTHER COMMANDED to contract with a real estate or brokerage firm for the sale of the property in order to maximize said sale.

YOU ARE FURTHER COMMANDED that the levy and sale shall not exceed property reasonably equivalent in value to the aggregate amount of the judgment, interest, and costs.

Signed: April 4, 2012

_Frank G. Johns_

Frank G. Johns, Clerk
United States District Court

RETURN


DATE RECEIVED:                           TIME RECEIVED:

_____                 _____


DATE OF LEVY:                            PROPERTY SEIZED BY LEVY:



_____                 _____
                                         _____
                                         _____


DATE OF SALE:                            FEES, COSTS AND EXPENSES:


_____                 _____
                                         _____
                                         _____



The Writ was received and executed:


_____           _____
U.S. Marshal                             (By)  Deputy U.S. Marshal

# CIVIL CLAIM FOR EXEMPTION FORM

You can claim Federal exemptions by checking items (a) through (l), pursuant to 11 U.S.C. §522(d) or you can claim exemptions under North Carolina State Law by using the attached NC State Form AOC_CV-407 Motion to Claim Exempt Property.

___   Federal Exemptions.

    XX.    The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

        (a)___ $21,625 of equity in your residence.

        (b)___ $3,450 of equity in a motor vehicle.

        (c)___ Jewelry worth up to $1,450.

        (d)___ Personal property worth up to $11,525. (However, no single item worth more than $550 can be claimed as exempt.)

        (e)___ Property totaling up to $1,150 in value, plus up to $10,825 of any unused amount of the exemption provided in number 11(a) above.

        (f)___ $2,175 of equity in professional books, implements or tools, of your trade or your dependant's trade.

        (g)___ Any unmatured life insurance contract you own, other than credit life insurance.

        (h)___ The aggregate value, up to $11,525, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

        (i)___ Professionally prescribed health aids for you or your dependants.

        (j)___ Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

        (k)___ A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(I)-(iii).

        (l)___ Your right to receive, or property that is traceable to,

- an award under a crime victim's reparation law;

- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment, not to exceed $21,625, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;

- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.